UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHERRY SANDERS, an individual and b/n/f to A.L., a minor, ) ) ) Plaintiff, ) ) v. ) SAM'S WEST, INC., d/b/a SAM's CLUB, ) ) Defendant. ) | No. 3:24-cv-323-JEM |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 13].

Now before the Court is the Joint Stipulation and Motion for Entry of Final Order of Dismissal with Prejudice ("Joint Motion") [Doc. 18]. The motion requests that the Court approve the settlement agreement reached by the parties with respect to the claims of A.L., who is a minor [*Id.*]. On December 12, 2024, the parties appeared before the Court for a motion hearing. Attorney Michael Bernard appeared on behalf of Plaintiff Sherry Sanders. Attorney Gregory Callaway appeared by telephone on behalf of Defendant. Plaintiff Sanders and A.L. were also present. For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 18**].

I. **BACKGROUND**

On July 30, 2024, Defendant removed this case from the Circuit Court of Knox County, Tennessee [Doc. 1]. Plaintiff alleges that "[o]n or about July 20, 2023, the Plaintiff was a customer at Sam's Club" [Doc. 1-2 ¶ 4]. A.L. slipped and fell on a "large puddle of water on the floor[,]" sustaining injuries [*Id.* ¶¶ 6, 8, 9–10]. Plaintiff alleges that Defendant was negligent by failing to

(1) warn about the defect and dangers on the premises, (2) inspect and discover the dangerous condition, (3) maintain the premises in a safe condition, and (4) repair the defect [*Id*. ¶ 11].

On November 3, 2024, the parties filed their Joint Motion [Doc. 18]. They state that following the incident, A.L. was evaluated at Tennova-Turkey Creek Medical Center [*Id*. at 1]. "[She] presented with complaints of low back pain and bilateral leg pain" [*Id*.]. The parties state that the "[x]-ray imaging studies of [A.L.'s] back were negative" and that she "was discharged from Turkey Creek Medical Center with diagnosis of acute back pain, pediatric" [*Id*.]. She later attended therapy at Tennessee Oak Ridge Physical Therapy, and her last appointment was November 22, 2023 [*Id*. at 1–2]. She has not received any further medical treatment after she was discharged from therapy [*Id*. at 2]. The parties represent that "A.L. does not have any medical treatment scheduled and no further medical treatment is anticipated" [*Id*.]. They detail how the settlement proceeds will be distributed [*See* SEALED Doc. 18-1].

**II.    ANALYSIS**

"When minors are involved in a settlement, the district court must make an independent determination that the settlement is in the minor's best interest." *Thrivent Fin. for Lutherans v. Camp*, No. 1:15-CV-146, 2015 WL 9587725, at *1 (E.D. Tenn. Dec. 30, 2015) (citation omitted). "The Court must review and approve of the settlement in accordance with Tennessee law." *J.O. by Obitts v. Bledsoe Cnty. Bd. of Educ.*, No. 1:15-CV-329, 2017 WL 1533541, at *1 (E.D. Tenn. Apr. 4, 2017) (citation omitted), *report and recommendation adopted sub nom. J.O. v. Bledsoe Cnty. Bd. of Educ.*, No. 1:15-CV-329, 2017 WL 1533452 (E.D. Tenn. Apr. 27, 2017). In addition, the Court must also determine whether the attorney's fees are reasonable. *Thrivent Fin. for Lutherans*, 2015 WL 9587725, at *1 (citation omitted).

The parties explain the settlement amount and how the settlement proceeds will be distributed [*See* SEALED Doc. 18-1]. Specifically, the parties agreed to a gross settlement amount of $10,000 [*See* Doc. 18 p. 2]. Plaintiff Sherry Sanders will receive ▮▮▮▮▮▮▮, for the benefit of A.L. [SEALED Doc. 18-1 p. 1]. The remaining proceeds are for attorney's fees, litigation costs, medical bills, and an insurance claim [*Id*.]

Attorney Bernard stated that this case arises out of a slip and fall. He gathered medical reports, performed an investigation, and sent a demand to Defendant that it originally denied. After filing the lawsuit, the parties exchanged discovery and were able to negotiate a settlement. Attorney Callaway agreed that Attorney Bernard's services resulted in the parties being able to reach a settlement agreement. With respect to the litigation expenses in the amount of $128, Attorney Bernard explained that they were for copies of medical records and bills.

During the hearing, the Court took testimony from both Plaintiff Sanders and A.L. Plaintiff Sanders testified that she is the sole guardian of A.L. and that she has agreed to settle. She understands how the settlement proceeds will be distributed. She further stated that she will place A.L.'s settlement proceeds in the bank so that A.L. can access it when she is 18 years old. Plaintiff Sanders testified that the proceeds will be used for A.L.'s education and well-being. A.L. stated that she is 13 years old and that she had no questions about the settlement agreement.

Accordingly, based on the testimony at the hearing and the filings of the parties, the Court waives the appointment of a guardian ad litem. *See* Tenn. Code Ann. § 34-1-107(a)(3). Waiver is in the best interests of A.L. given Attorney Bernard's services in this matter and Plaintiff Sanders's testimony with how she intends to manage the proceeds. *See id*. The Court also finds that the settlement agreement is fair and reasonable and is in her best interests. The Court further finds that the attorney's fees of approximately 33% of the gross amount of recovery is fair and reasonable

and is consistent with the traditional practice and fees of this Court. In addition, the parties' attorneys agreed that they would not have reached a settlement had it not been for Attorney Bernard's services. The Court also finds the litigation costs to be reasonable.

## III. CONCLUSION

Accordingly, the Court **GRANTS** the Joint Stipulation and Motion for Entry of Final Order of Dismissal with Prejudice [**Doc. 18**]. It is further **ORDERED**:

1. The net settlement proceeds in the amount of ▮▮▮▮▮▮ shall be paid directly to the minor's grandmother Sherry Sanders as the sole guardian of the minor and for the benefit of the minor plaintiff A.L.

2. Any and all claims are hereby **DISMISSED WITH PREJUDICE.**

There being no further matters, the Court **DIRECTS** the Clerk's Office to **CLOSE** this matter.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge